IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01904-MSK-BNB

WILMA G. VIALPANDO,

Plaintiff,

v.

MIKE JOHANNS, Secretary, United States Department of Agriculture,

Defendant.
_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Motion to Review Clerk's Taxation of Costs** [Doc. # 60, filed 7/5/2007] (the "Motion").[1]  The Motion is GRANTED IN PART.

The plaintiff seeks review of the decision of the Clerk of Court denying her bill of costs with respect to three items of expense, all in connection with the deposition of Arthur Bryant: (1) the cost of the deposition transcript, in the amount of $216.00; (2) the court reporter's attendance fee, in the amount of $40.00; and (3) long distance charges incurred in taking the deposition by telephone, in the amount of $43.50.  Motion at p.2.  The defendant concedes that the plaintiff is entitled to the cost of the transcript and the reporter's attendance fee.  *Defendant's Response to Plaintiff's Motion to Review Clerk's Taxation of Costs* [Doc. # 66, filed 7/25/2007]. The sole remaining issue is whether the long distance charges, in the amount of $43.50, should have been allowed as costs.  They should not.

---

[1] The Motion was referred to me for determination by a text entry on September 21, 2007 [Doc. # 69].

The costs statute, 28 U.S.C. § 1920, provides:

> A judge or clerk of court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment and decree.

The statute is silent as to long distance telephone charges, and the law generally is that telephone expenses are not recoverable. Bee v. Greaves, 669 F. Supp. 372, 379 n.17 (D. Utah 1987), rev'd on other grounds 910 F.2d 686 (10th Cir. 1990); 10 Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2677 at pp.459-60 n.47.

More to the point, however, is the fact that the long distance charges sought are in connection with the taking of a deposition. The plaintiff apparently preferred to depose the witness by telephone rather than travel to his location. A lawyer may not recover as costs the travel expenses associated with taking a deposition, absent exceptional circumstances. 10 Wright, Miller & Kane, supra, § 2676 at p.433. These long distance telephone charges are the

functional equivalent of travel expenses associated with taking Mr. Bryant's deposition and are not recoverable as costs absent exceptional circumstances, which are not alleged to exist here.

IT IS ORDERED that the Motion is GRANTED IN PART, and the plaintiff is entitled to an additional award of costs in the amount of $256.00 for the cost of the Bryant deposition transcript and the court reporter's attendance fee at the Bryant deposition.

IT IS FURTHER ORDERED that the Motion is DENIED in all other respects.

Dated September 28, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge